IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAUL RIVERA-LEBRON ET AL**
**Plaintiffs**

v.                                    Civil No. 98-1031 (SEC)

**CELLULAR ONE ET AL**
**Defendants**

## ORDER

On January 16, 1998, plaintiffs filed a complaint against, *inter alia*, Cellular One and Trans Union (**Docket No. 1**). With regard to Trans Union, a credit reporting agency, plaintiff alleged a violation of the Fair Credit Reporting Act, § 15 U.S.C.A. 1601 *et seq.*, in that Trans Union maintained records indicating, incorrectly, that plaintiff failed to pay an outstanding debt owed to Cellular One (*id.*). All claims against Cellular One were dismissed by Order of this Court on July 17, 1998 (**Docket No. 19**). However, the Fair Credit Report Act claim against Trans Union remained intact.

On August 18, 1999, defendant Trans Union filed a third party complaint against third party defendant Cellular One (**Docket No. 35A**). That same day, this Magistrate-Judge issued an order informing plaintiff that the date to amend pleadings had expired, and that acceptance of the third party complaint was "contingent to a good faith showing justifying the delay" (**Docket No. 23**). On August 24, 1998, plaintiff filed a pleading establishing good cause for the delay in filing the third party complaint (**Docket No. 24**). On September 1, 1998, third party defendant Cellular One filed a motion seeking an extension of time, until September 16, 1998, to oppose the third party complaint (**Docket No. 27**). Thereafter, third party defendant Cellular One filed a second motion seeking an

Civil No. 98-1031(SEC)                                                                                              Page No. 2

extension of time, this time until September 30, 1998, to oppose the third party complaint (**Docket No. 32**). However, no opposition was filed by that date, and on October 6, 1998, this Magistrate-Judge accepted the third party complaint (**Docket No. 34**). On October 8, 1998, two (2) days after our acceptance of the third party complaint, third party defendant Cellular One filed an objection to the third party complaint (**Docket No. 36**).

On October 13, 1998, Cellular One moved for reconsideration of the order accepting the third party complaint (**Docket No. 37**).[1] In its motion for reconsideration, Cellular One argues that "this Honorable Court should not accept Trans Union's tardy Third Party complaint as the same would be lacking in merit and, thus, futile" (**Docket No. 37**, p. 3). In effect, Cellular One, a third party defendant, asks us to dismiss the claim filed by Trans Union, the third party plaintiff, on the grounds that plaintiff has failed to state a claim upon which relief may be granted.[2] However, we decline to do so.

Under the Fair Credit Report Act, a credit reporting agency may have a duty to verify the accuracy of the agency's initial source of information. *See Cushman v. Trans Union Corp.*, 115 F.3d 220 (3rd Cir. 1997). The existence of this duty depends on whether the consumer alerted the reporting agency to the possibility that its source was unreliable, whether the agency knew or should have known that the source was unreliable, and the cost of verifying the accuracy of the source versus the possible harm the inaccurately

---

[1] Unfortunately, the motion for reconsideration was not transmitted to this Magistrate-Judge until September 29, 1999.

[2] *See* Fed.R.Civ.P. 12(h) (authorizing defendant in a civil case to move for dismissal on grounds that plaintiff has failed to state a claim upon which relief may be granted); *see also* Fed.R.Civ.P. 14(a) (third party defendant "may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim).

Civil No. 98-1031(SEC)                                                                 Page No. 3

reported information may cause the consumer. *Id.* In light of this legal standard and the allegations contained in plaintiff's complaint, we are not prepared to rule, at this stage of the proceedings, that third party plaintiff has failed to present a colorable claim.

**SO ORDERED.**

At San Juan, Puerto Rico, this 30th day of September, 1999.

*[signature]*
**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**

AO 72A
(Rev.8/82)